# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE C. DANIELS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOS ANGELES COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | NO. CV 23-04241 SB (KS)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Stanley Blumenfeld, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

Terrence C. Daniels ("Plaintiff"), a California resident proceeding *pro se* and *in forma pauperis*, commenced this civil rights action under 42 U.S.C. § 1983 on May 30, 2023. (Dkt. No. 1.) Before the Court is Plaintiff's Second Amended Complaint ("SAC"), filed on December 12, 2023. (Dkt. No. 17.)

# BACKGROUND

This action allegedly arises out of circumstances surrounding Plaintiff's eviction from a residence. The original complaint alleged that the Los Angeles County Sheriff's Department ("LASD"), the Los Angeles Superior Court ("LASC"), and the County of Los Angeles ("LAC") obstructed justice and violated the Fourth Amendment through use of excessive force. (Dkt. No. 1.)

On June 23, 2023, the Court issued a Memorandum and Order finding that the original complaint failed to state a cognizable claim against any of the Defendants, and dismissing the original complaint with leave to amend. (Dkt. No. 7.) After several extensions of time, Plaintiff filed a First Amended Complaint on October 26, 2023 ("FAC"). (Dkt. No. 15.) The FAC named the same Defendants and was largely identical to the original complaint. (*Id.*)

On November 30, 2023, the Court issued a second Memorandum and Order dismissing the FAC for the failure to state a cognizable claim for relief against any of the Defendants. (Dkt. No. 16.) In the interests of justice, the Court granted leave to amend "one final time." (*Id.* at 2.)

On December 12, 2023, Plaintiff filed the pending SAC. (Dkt. No. 7.) The SAC is now under submission to the Court for screening. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (holding that under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief"); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (adopting Ninth Circuit's position in Omar and noting that in such circumstances, a sua sponte dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"); *Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar

to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint sua sponte for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

**SCREENING REQUIREMENT**

District courts are required to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). During screening, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – [¶] (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or [¶] (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Byrd v. Phoenix Police Dept.*, 885 F.3d 639, 641 (9th Cir. 2018). The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. *See Abagnin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008).

To determine whether a complaint should be dismissed upon screening, the Court applies the standard of Federal Rule of Civil Procedure ("Rule") 12(b)(6): "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation marks omitted). A claim is facially plausible when the plaintiff pleads facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Legal conclusions couched as factual allegations are insufficient. *Iqbal*, 556 U.S. at 678-79. Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Although a complaint need not set forth detailed

factual allegations, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Where plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Furthermore, a complaint must include fair "notice of the claim such that the [defendants] may defend [themselves] effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011).

When a plaintiff is proceeding *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)). However, in giving liberal interpretation to a *pro se* complaint, the Court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).

## ALLEGATIONS OF THE SAC

The SAC is nearly identical to the prior two iterations of Plaintiff's complaint, again suing Defendants LASD, LASC, and LAC for the same alleged acts. However, despite the Court's admonition that "Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint" (dkt. no. 16 at 11), the SAC adds an additional defendant, MJW Investments, in its individual capacity. (Dkt. No. 17 at 1, 8, 17.) The SAC makes the following factual allegations against Defendants LASD, LASC, LAC, and MJW Investments (collectively, "Defendants"):

4

> After entering into a Fraudulent Stipulated Judgment Endorsed by The County Court, My Landlord[] continued criminal harassment, I filed Motions to Enforce Judgment and was give [sic] a date in July, when my move out date was 5/7/2023. Court officials and employees have taken unreasonable actions to obstruct my hearing and presentation of Evidence. I filed several Motions that were obstructed, I was not allowed to present to judges, all my cases were routed to Pro Temp judges. The "Judges" refused to apply the law, Ignored Supreme Court Rulings and Court rules, and refused to Balance equity per California Law. On May 24th, 2023, Deputies burst into my home guns drawn and Deputy Aguirre ran to me pointing his gun in my face and flinched at me in a threatening manner, as I attempted to get dressed. I was forcibly removed from my home and all subsequent motions denied and/or obstructed by Court Employees and Judicial officers. (See Attached)

(Dkt. No. 17 at 5-6.)

The SAC also includes an attachment alleging as follows:

> The majority of the cases I've been a party of in the Stanley Mosk Courthouse, have been Obstructed by: Court Employees, Clerks, Pro Temp Judges and Judges. My papers have been refused. Motions denied with, evidence and case law and Civil Code and Procedures, being overlooked. Judges have allowed strangers who claim to be the opposing party's spouse, to stand in for them, in small claims court. Pro Temp Judge Kathleen Brewer, failed to authenticate said person. While, Ignoring State Laws and Court rules [sic]. Ultimately leading to my claims being unjustly being denied [sic]. (23STSC01514)

None more egregious, or causing greater harm than, (22STUD03040) [sic]. In this Case Judicial Officers allowed Plaintiff to take unreasonably long for pre trial Motions, Discovery and all other formalities. Unethically side stepping state law and court rules, while winding down the clock, on an eviction moratorium that was in place [sic]. This case took a total of fifteen months of[] hearings being continued leading to unreasonable amount of court appearances. Court Employees and Judicial Officers, by their own actions and inaction, endorsed a retaliatory and malicious prosecution against me. Judges exemplified a clear bias towards me.

Further, Pursuant to CCP 1161[2] and Health and safety Code 17920.3, and County Eviction Moratorium, this case should've never gone forward, let alone taken fifteen months. With each agonizing appearance further depleting my financial and mental state [sic]. When this action was brought against me, The City of Los Angeles' R.E.A.P. Program[] had already declared my building unsafe and hazardous for all residents. Not to mention several unaddressed work orders and County notices to comply for the abhorrent and toxic conditions of my particular unit [sic]. Judges and Pro Temp Judges Unlawfully allowed the Possession portion of a Stipulated Judgement to be enforced, while the matter was still being adjudicated. Allowing My landlord, to continue their Criminal Harassment Pursuant to Los Angeles Municipal Code 151.33 Article 5.3 [sic]. As a result, I had to file Motions for relief. I was assigned hearing dates[] that were about 100 Days out. Then passed from pro temp judge to pro temp judge [sic]. Further, Judge Alison Mackenzie refused to apply the law as it[] was written because[] she "didn't agree"[] with the laws on the books. Court Officials['] unethical behavior and prejudices gave room for Sheriff Deputies to come to my home, guns drawn, as if they

> were hunting a fugitive. Deputy Aguirre[] rushed me, pointing his firearm in my face and flinching threateningly. Further traumatizing me, unjustly and unlawfully rendering me homeless and without most of my possession [sic].
>
> These bad actors[] are employed by and given jurisdiction in The County of Los Angeles and the Superior Court. The County and Superior Court are responsible for the irreparable harm their agents intentionally inflicted upon me.
>
> MJW Investments, Plaintiff in the case in question, knowingly brought several malicious prosecutions against me. Intentionally inflicting great harm [sic]. MJW Investments[] relied upon Judicial and Corporate comrades[] to gain an inequitable and unjust advantage in the Frivolous Unlawful detainer case. Further, MJW Investments[] brought two frivolous small claims cases against me, in which they demanded amounts that were never owed, and had the gall to not appear at either trial.

(*Id.* at 10-12.)

Plaintiff purports to bring suit against all Defendants for intentional infliction of emotional distress, and under Article One of the California Constitution. (*Id.* at 5.) Plaintiff also sues Defendant LASD for "[v]iolation of use of Force" and Defendant LASC for "Deprivation of Due process provided by Article one of Constitution, CCP 1161 [2], Health and Safety Code 17920.3, Los Angeles Municipal Code 151.33 Article 5.3." (*Id.*) Plaintiff makes perfunctory references to the "6th Amendment, Use of Excessive force, Deprivation of Government Services, [and] Intentional Infliction of Emotional Distress." (*Id.* at 4.)

In support of the factual allegations in the SAC, Plaintiff submits multiple exhibits. (*Id.* at 9, 13-131.) Exhibit A is entitled "Video Evidence" and contains two defective Internet links. (*Id.* at 9.) Exhibit B is entitled "Frivolous UD #1" and contains a summons for an unlawful detainer-eviction suit against Plaintiff dated November 10, 2021, a lease agreement between Plaintiff and Defendant MJW Investments, a Covid-19 Renter Protections Fact Sheet, and a complaint filed in the Los Angeles Superior Court against Plaintiff. (*Id.* at 13-68.) Exhibit C is entitled "Frivolous UD Case #2" and contains a "Notice of Unlawful Detainer (Eviction)" addressed to all occupants of 233 S. Lafayette Park Place, Apt. 316, Plaintiff's current address on file with the Court, and dated June 21, 2022. (*Id.* at 69-70.) Exhibit D is entitled "Small Claims: (23STSC01514)" and contains a May 15, 2023 Los Angeles Superior Court minute order summarizing the proceedings of a bench trial. (*Id.* at 71-72.) Exhibit E, entitled "Frivolous Small Claims" contains two Los Angeles Superior Court minute orders, dated August 9, 2022, and October 12, 2022, both dismissing cases because the plaintiff in those cases failed to appear. (*Id.* at 73-75.)

Exhibit F, entitled "R.E.A.P. Notice to Comply" contains a letter dated March 5, 2020, with informational attachments, from the City of Los Angeles Housing and Community Investment Department, stating that an inspection of the property where Plaintiff resides "revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code." (*Id.* at 76-93.) The letter orders Plaintiff to eliminate those conditions and informs him that a subsequent inspection would occur on May 18, 2020. (*Id.* at 77.) Exhibit G (erroneously labeled as Exhibit E) is a duplicate copy of the lease agreement noted above. (*Id.* at 94-121.) Lastly, Exhibit H, entitled "Criminal Harassment," is a letter dated October 14, 2021, from the law offices of Kimball, Tirey & St. John LLP, on behalf of Plaintiff's landlord, to Plaintiff, stating that Plaintiff had refused to provide access to his unit so they could assess "an alleged moister [sic] and/or mold issue." (*Id.* at 122-23, 127.) The letter informs Plaintiff that if he fails to allow access for inspection within three business days, the eviction process would commence

and Plaintiff would be sued in court for unlawful detainer. (*Id.* at 127.) Attached to the letter is a "Three (3) Day Notice to Perform or Quit" demanding access to the unit for inspection. (*Id.* at 124-26.)

As a result of the acts alleged by Plaintiff, he claims he was "Unjustly and Unreasonably forced into Homelessness" and to have suffered "Emotional Distress, Insomnia and loss of Appetite, Exposure to Toxins." (*Id.* at 6.) Further, Plaintiff claims that he has "been obstructed from receiving any kind [of] real medical treatment." (*Id.*)

Based on the above, Plaintiff requests "One Hundred Million Dollars in damages for the intentional debilitation of[] my emotional and financial state by all parties involved" and for "Terroristic threats, Armed Robbery and Aggravated Battery as performed by Sheriff Deputies in their use of excessive force." (*Id.*) Plaintiff also seeks "Punitive Damages and reimbursement for Hotel stays, and Other expenses incurred as a result of Homelessness caused by[] the Unlawful Actions of Defendants in this case." (*Id.*)

## DISCUSSION

### I. The SAC Violates Federal Rule of Civil Procedure 8

#### A. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (describing Rule 8 as requiring "simplicity, directness, and clarity"). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation [and] labels and conclusions or a formulaic recitation of the elements of a cause

9

of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). Moreover, Rule 8 can be violated both by a pleading saying too little and by a pleading that says too much—that is, a pleading that is prolix and confusing. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citations omitted). Ultimately, a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to it, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011), and, therefore, a complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *McHenry*, 84 F.3d at 1178.

### B. Analysis

Here, the SAC violates Rule 8 because it is patently confusing, fails to state with any specificity what individuals and/or Defendants committed various acts, and fails to articulate acts that, without any legal discussion or any explanation, constitute constitutional violations. *Id.*

Specifically, Plaintiff alleges that his landlord, Defendant MJW Investments, "enter[ed] into a Fraudulent Stipulated Judgment Endorsed by The County Court" and of "continued criminal harassment." (Dkt. No. 17 at 5.) He further complains that unidentified "[c]ourt officials and employees have taken unreasonable actions to obstruct my hearing and presentation of Evidence," but fails to state who took the alleged actions and what actions were unreasonable and obstructive. Plaintiff complains that he filed motions that "were obstructed," but again fails to explain what individuals obstructed the motions, how they did so, and in which court proceeding. (*Id.*) Plaintiff also avers that his "cases were routed to Pro temp judges, who "refused to apply the law, ignored Supreme Court rulings and Court rules, and

refused to balance equity per California law," but again fails to identify the judges[1], the proceedings, or any constitutional violation. (*Id.*)

Next, Plaintiff alleges that, "[o]n May 24, 2023, Deputies burst into my home guns drawn and Deputy Aguirre ran to me pointing his gun in my face and flinched at me in a threatening manner, as I attempted to get dressed." (*Id.*)  Here, while Plaintiff more specifically describes the action taken by "Deputy Aguirre," he fails to provide any surrounding details to indicate that this non-party to the case committed a constitutional violation. *Twombly*, 550 U.S. at 555 (factual allegations "must be enough to raise a right to relief above the speculative level.").

Plaintiff then continues to allege that unidentified "Court Employees, Clerks, Pro Temp Judges and Judges" obstructed the "majority of the cases I've been a party of in the Stanley Mosk Courthouse," "endorsed a retaliatory and malicious prosecution against" Plaintiff, and that the judges were biased against him. (Dkt. No. 17 at 10-11.) Given these vague allegations, it is not clear what specific actions Defendants took that obstructed justice or caused Plaintiff's alleged injuries.  Thus, it would be difficult for Defendants to respond to Plaintiff's SAC adequately, and the allegations are insufficient under Rule 8. *Cafasso*, 637 F.3d at 1059; *McHenry*, 84 F.3d at 1178.

\\
\\
\\
\\
\\

---

[1] Even if Plaintiff had identified specific judges, to the extent Plaintiff's claims appear to be based on actions taken by judges in their judicial roles, Plaintiff's claims against such judges are still subject to dismissal. *See* discussion *infra* at pp. 13-14.

11

1 **II.     The SAC Fails to State a Claim Against the Municipal Defendants**

3         A. Legal Standard

5         In a suit against a municipal agency, the plaintiff must show that a constitutional
violation was committed pursuant to a "formal governmental policy or a longstanding practice
or custom which constitutes the standard operating procedure of the local government entity."
*Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted);
*see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v. Harris*,
489 U.S. 378, 385 (1989).  In addition, the plaintiff must show that the policy was "(1) the
cause in fact and (2) the proximate cause of the constitutional deprivation." *Trevino v. Gates*,
99 F.3d 911, 918 (9th Cir. 1996).

         B. Analysis

         Here, Plaintiff sues one municipality (Defendant LAC) and two municipal agencies
(Defendants LASD and LASC). (Dkt. No. 17 at 2-3.)  However, despite having been afforded
leave to amend twice to correct this deficiency, Plaintiff has still failed to allege that any
constitutional violation was committed pursuant to a "formal governmental policy or a
longstanding practice or custom which constitutes the standard operating procedure of the
local government entity."  *Gillette*, 979 F.2d at 1346 (internal quotation marks omitted).
Plaintiff does not allege any such policy or practice, and thus, Plaintiff fails to state a claim
against Defendants LAC, LASD, and LASC under 42 U.S.C. § 1983.

\\
\\
\\
\\

III. **The SAC Fails to State a Claim Against Defendant MJW Investments**

For the first time in this litigation, the SAC includes Defendant MJW Investments, Plaintiff's landlord. (Dkt. No. 17 at 1, 12.) Plaintiff accuses Defendant MJW Investments of "knowingly" bringing "several malicious prosecutions against" Plaintiff, "[i]ntentionally inflicting great harm," and relying "upon Judicial and Corporate comrades[] to gain an inequitable and unjust advantage in the Frivolous Unlawful detainer case." (*Id.* at 12.) Plaintiff further alleges that Defendant MJW Investments "brought two frivolous small claims cases against me, in which they demanded amounts that were never owed, and had the gall to not appear at either trial." (*Id.*) However, Plaintiff fails to articulate any further facts explaining what specific actions by Defendant MJW Investments – including the eviction proceedings or any communication from Defendant MJW Investments or its counsel – constituted a "malicious prosecution," any intent to harm Plaintiff, or any constitutional violation, *particularly in light of Plaintiff's exhibits*, which indicate that the lawsuits in question were part of legitimate eviction proceedings arising out of Plaintiff's refusal to allow access to his unit for a required safety inspection. (*Id.* at 48-50, 77, 123-27.)

Put another way, Plaintiff's allegations against Defendant MJW Investments are conclusory and do not allow the Court to draw a reasonable inference that Defendant MJW Investments committed any constitutional violations or should be held legally liable for any of its alleged conduct. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Similarly, Plaintiff's allegations of malicious prosecution and unfair insider dealings with "Judicial and Corporate comrades" are wholly conclusory and fall well short of "nudg[ing] [his claims] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff has not stated a justiciable federal or constitutional claim against Defendant MJW Investments. *Iqbal*, 556 U.S. at 678-79; *Salameh*, 726 F.3d at 1129; *Twombly*, 550 U.S. at 555.

### IV. The SAC Alleges Acts That Are Subject to Absolute Judicial and Quasi-Judicial Immunity

Even if Plaintiff had brought this action against individual Defendants, the allegations concerning actions taken by judges and court employees would still be subject to dismissal. "The Supreme Court has observed, 'most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.'" *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001) (*quoting Forrester v. White*, 484 U.S. 219, 227 (1988)). A plaintiff may not seek damages from a court administrator for an arguably incorrect determination about his needs or the court's ability to address them because those erroneous determinations are subject to appellate review. *Id.* Judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citation omitted); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). As long as the challenged judicial act is within the jurisdiction of the court, there is absolute judicial immunity from liability. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Alter v. U.S. Supreme Court*, No. 2:23-cv-05579-ODW-PD, 2023 WL 4873627, at *4 (C.D. Cal. Jul. 31, 2023) (*quoting Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

Additionally, "[c]ourt clerks and other non-judicial court employees have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Morris v. Sabbagh*, No. 2:16-cv-06080-SVW-PLA, 2017 WL 5496223, at *4 (C.D. Cal. Jan. 18, 2017) (*citing Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Tasks that are an integral part of the

judicial process include "management of the court's docket." *Id.* (*citing In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002)).

Plaintiff's allegations appear to arise out of his dissatisfaction with the judicial process and delays that occurred in two court actions involving his eviction from his residence. (Dkt. No. 17 at 5-6, 10-12.) He accuses judges and unnamed court employees of obstruction, ignoring legal precedents, rejecting filings, denying motions, allowing "strangers who claim to be the opposing party's spouse[] to stand in for them[] in small claims court," unreasonable delays, and allowing a judgment to be enforced against him. (*Id.*) In one instance, Plaintiff identifies Judge Alison Mackenzie and argues that she "refused to apply the law as it's [ ] written " because the judge disagreed with it. (*Id.* at 11.)

None of the above allegations concern actions taken by court employees *outside* of the judicial process. *Morris*, 2017 WL 5496223 at *4; *Mullis*, 828 F.2d at 1390. Indeed, the rulings and other actions that Plaintiff accuses judges of taking are patently within the scope of their absolute judicial immunity. *Duvall*, 260 F.3d at 1144; *Stump*, 435 U.S. at 355-56; *Schucker*, 846 F.2d at 1204; *Dennis*, 449 U.S. at 27; *Alter*, 2023 WL 4873627 at *4; *Cleavinger*, 474 U.S. at 199-200. Further, even though Plaintiff claims that he suffered various adverse consequences as a result of actions by a court and its employees, judicial immunity applies regardless of the severity of the consequences resulting from the alleged error. *Alter*, 2023 WL 4873627 at *4.

Accordingly, the SAC also fails to state a claim based upon the actions of any judge or court employee.

\\
\\
\\

15

**LEAVE TO AMEND**

If a court finds that a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (internal quotation marks omitted); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). However, if amendment of the pleading would be futile, leave to amend may be denied. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of a motion for leave to amend,' *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), [a]nd the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

Here, the Court concludes that granting leave to amend a third time would be futile. *Gonzalez*, 759 F.3d at 1116. In two prior orders, the Court outlined the same or similar defects, but instead of curing them, Plaintiff's amended pleadings have principally restated the same deficient allegations, none of which describe acts on the part of any Defendants rising to the level of a constitutional violation. Plaintiff also continues to sue government entities without any citation to *Monell* or articulation of a relevant constitutional claim consistent with *Monell* – the only claim Plaintiff can bring against municipal Defendants. *Monell*, 436 U.S. at 694.

**RECOMMENDATION**

For the reasons outlined above, IT IS RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; and (2) DISMISSING the SAC in its entirety without leave to amend.

PLAINTIFF SHALL NOT TAKE ANY ACTION OTHER THAN FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION AND/OR FILING A

16

NOTICE OF VOLUNTARY DISMISSAL, UNTIL THE DISTRICT JUDGE HAS ISSUED AN ORDER REGARDING THIS REPORT AND RECOMMENDATION.

DATED: January 5, 2024

*/s/ Karen L. Stevenson*
KAREN L. STEVENSON
CHIEF MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.